UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

                Plaintiff,

    -vs-

ARTHUR FRANK CARDENAS,

                Defendant.

No.   2:14-CR-0087-WFN-1

ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL

      An evidentiary and motion hearing was held March 29 and 31, 2016, to address Defendant's Motion for New Trial. ECF No. 111. The Defendant, who is in custody, was present and represented by Douglas Phelps; Assistant United States Attorney Timothy Ohms represented the Government.

## BACKGROUND

      On June 18, 2014, Defendant was indicted on a five count Indictment alleging (1) Felon in Possession of a Firearm; (2) Felon in possession of an explosive device; (3) Possession of an unregistered firearm; (4) Possession of 50 g or more meth with intent to distribute; and (5) Possession of a firearm in furtherance of a drug trafficking crime. He was brought into federal custody on a writ, and appeared at his initial appearance on August 21, 2014, represented by counsel, Tim Murphy, an intern at the Federal Defender's office. ECF No. 13. At the initial appearance, Defendant was advised of his rights and the allegations contained in the Indictment. *Id.* Magistrate Judge Rodgers provisionally appointed counsel from the CJA Panel. *Id.* Mr. Crowley entered a Notice of Appearance that same day, making it unnecessary for Judge Rodgers to locate CJA counsel. ECF No. 14.

      This Court held many pretrial hearings and addressed several pretrial issues raised by Mr. Crowley. The Court addressed Defendant's Motion to Suppress Evidence

ORDER - 1

challenging the search warrant authorizing search of a white Malibu.    Defendant challenged the affidavit supporting the warrant, specifically the lack of reliability of the primary witness, Alicia Favro.  The Court denied Defendant's Motion.  Prior to trial Mr. Crowley also filed a Motion in Limine asking the Court to exclude evidence of gang membership as well as hearsay statements attributed to Alicia Favro.  The Court granted the Motion.

A trial was held from April 13, 2015, until April 15, 2015.  The jury began deliberating late on the 15th, ultimately returning a verdict of guilty on all counts the morning of April 16th.   After the verdict was read and the jury excused, Defendant raised for the first time his concerns that Mr. Crowley delivered ineffective assistance of counsel.

## ANALYSIS

Defendant raises many allegations of ineffective assistance of counsel leveled at Mr. Crowley as well as challenging the Federal Defender's brief representation of Defendant as conflicted.

Though Defendant's initial briefing suggests that the Court erred by failing to remove Mr. Crowley as counsel prior to trial, the record is very clear that the Court committed no error. First, Mr. Crowley was retained and therefore Defendant had the option to forego Mr. Crowley as counsel at any time.   Second, even if for some reason Defendant lacked the savvy to be aware he could fire retained counsel, which the Court doubts, Defendant failed to alert the Court of any concerns regarding Mr. Crowley until *after* the verdict was entered.   Any reticence on the part of the Court to discuss allegations of ineffective assistance of counsel following the verdict was cured when the Court in fact referred Defendant for appointment of new counsel. At no time did the Court deny Defendant of his right to effective assistance of counsel prior to or during trial as Defendant never complained about his counsel until after the verdict.

Defendant also claims that the Federal Defender's brief representation during the initial appearance created a constitutionally concerning conflict of interest.  "An actual

conflict, as opposed to the mere possibility of a conflict, is necessary to establish ineffective assistance." *Sanders v. Ratelle*, 21 F.3d 1446, 1452 (9th Cir. 1994)  Defendant's briefing is misleading as it implies that the Federal Defenders spent some time concurrently representing Defendant as well as the material witness, Alicia Favro.  The Federal Defender's office *did* represent Ms. Favro in a 2012 case, but that case was dismissed on February 1, 2013.  The Federal Defender's representation of Defendant occurred for less than a day, was performed by an intern, and was limited to the initial appearance.  The Federal Defenders never had access to discovery in Defendant's case, nor did they make any strategic pretrial decisions.  There is zero chance that any conflict arose during that brief representation.  Further, the Federal Defenders appeared to be aware of the conflict as the minutes from the hearing reflect that a member of the CJA panel would be appointed to represent the Defendant. ECF No. 13.

In his *pro se* briefing, Defendant broadly accuses Mr. Crowley of failure to present a defense. He proceeds to take issue with details of Mr. Crowley's trial strategy.  Trial strategy is soundly within the discretion of counsel.  *Dows v. Wood*, 211 F.3d 480, 487 (9th Cir. 2000), see also *Rios v. Rocha*, 299 F.3d 796, 807 (9th Cir. 2002).  Mr. Crowley presented a vigorous and probing defense.  Though it may not have been how Defendant would have done it, Mr. Crowley's representation greatly exceeded the minimum requirements of effective assistance. Further, to the extent that Defendant raises incompetence, the Ninth Circuit has noted that, "we will not set aside a conviction on this ground unless trial counsel is so incompetent or inefficient as to make the trial a farce or a mockery of justice." *Thomas v. United States*, 363 F.2d 849, 851 (9th Cir. 1966).  Mr. Crowley was very competent.

Defendant also raised *pro se* concerns regarding Mr. Crowley's failure to contest foundational evidence supporting the items found in the trunk.  Mr. Crowley discussed the evidence found in the trunk, and using a perfectly acceptable trial strategy, chose to focus on the dominion issues rather than foundational technicalities. Defendant denied owning the vehicle and denied having access to the trunk.  Focusing on the contents of the trunk

which the Defendant claimed not to have any knowledge of may have undermined Mr. Crowley's trial strategy.

Defendant's last *pro se* concern alleges that Mr. Crowley's failure to object to prosecutorial misconduct amounted to ineffective assistance. Specifically, he alleges that Mr. Ohms "used Cardenas's past in his closing argument," destroyed evidence of others' fingerprints, and allowed witnesses to lie regarding statements made by Cardenas. Aside from the claim about closing arguments, the remaining accusations are baseless claims that warrant no further examination. Mr. Ohms did make a statement regarding something a witness had said that pertained to an unrelated interaction between her and the Defendant in his closing, but immediately followed up with the comment that the jury should *not* consider that evidence when deciding whether to convict the Defendant. Such a minor momentary lapse, followed by an immediate correction does not arise to prosecutorial misconduct and certainly did not trigger any duty to object on Mr. Crowley's part.

Defendant challenges Mr. Crowley's representation because he failed to investigate. "[C]ounsel must, at a minimum, *conduct a reasonable investigation* enabling him to make informed decisions about how best to represent his client. Counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Hendricks v. Calderon*, 70 F.3d 1032 (9th Cir. 1995) (internal citation and quotations omitted, emphasis original).

The briefing focuses on Mr. Crowley's failure to interview Defendant's mother related to a brief interview conducted by Detective Presta while Defendant was still in the hospital whereas the argument shifted to analysis of physical evidence during the hearing. Though not addressed specifically in the briefing, Mr. Phelps also filed an affidavit from Mr. Pulver which delves into Ms. Favro's background and criminal history. The inference is that Mr. Crowley failed to investigate Ms. Favro's background to Defendant's detriment. Mr. Crowley testified that Ms. Favro would have been a very damaging witness. Fortunately for the Defendant, Ms. Favro did not testify at trial, despite a material witness warrant issued for her arrest. Clearly, the case was not investigated in the same manner as

ORDER - 4

Mr. Phelps would have approached it. However, Mr. Crowley testified that he interviewed Ms. Favro and kept his ear to the ground through jail house informants as in the past he has found that to be a reliable and fertile ground for investigation. Further, Mr. Crowley discussed the case in depth with his client. Based on those sources of information, he did not feel that additional investigation would aid his case or promote his theory of the case at trial. Further, as the Government correctly points out, Mr. Crowley's failure to interview Defendant's mother does not constitute ineffective assistance "when the person's account is otherwise fairly known to defense counsel." *Eggleston v. United States*, 798 F.2d 374, 376 (9th Cir. 1986). The Court finds that Mr. Crowley's investigation, while not overturning every stone, was reasonable in light of the information he gleaned as well as the trial strategy that he pursued.

Defendant also complains that Mr. Crowley's failure to move for severance of the counts constituted ineffective assistance. Severance in this case was not legally mandated, though often preferred where felon in possession is charged with other felonies. However, there is no assurance that the Court would have granted such a motion especially in light of the intertwining evidence for all of the counts.

Defendant raised concerns about a prospective juror's comments regarding their personal feelings about recidivists and that prospective juror's inability to separate a person's past from the current case. The prospective juror was properly excused due to their admission that they could not be impartial. A single juror lacking the ability to be impartial, even if that person states their bias in front of the entire panel, does not necessarily prejudice the entire panel. Based on the voir dire process and the Court's observations of and interactions with each potential juror, the Court had every reason to believe the remaining prospective jurors' assertions that they would be fair and impartial.

As the Court discussed on the record, the remaining issues raised similarly fail to state grounds for new trial. Of note, the Court found that not only did Mr. Crowley inform Defendant of the plea offer made by the Government, but also Defendant refused to accept the plea offer. The Court has reviewed the file and the briefing and is fully informed. This

Order is entered to memorialize and supplement the oral rulings of the Court. Accordingly,

      **IT IS ORDERED** that Defendant's Motion for New Trial, filed November 16, 2015, **ECF No. 111**, is **DENIED**.

      The District Court Executive is directed to file this Order and provide copies to counsel.

      **DATED** this 5th day of April, 2016.


                                  s/ Wm. Fremming Nielsen
                                  WM. FREMMING NIELSEN

04-04-16              SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 6