FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 03, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ARTHUR FRANK CARDENAS,<br><br>    Movant,<br><br> -vs-<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | No. 2:14-CR-0087-WFN-1<br><br>ORDER DENYING § 2255 MOTION |

  Before the Court is Movant's 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence. ECF No. 188. The Motion is submitted by Mr. Cardenas, who is appearing *pro se* in these proceedings.

  The Court issued an Order directing the Government to respond to Mr. Cardenas' § 2255 claim that he received ineffective assistance of counsel during plea negotiations. Mr. Crowley allegedly failed to explain the evidence against Mr. Cardenas and the effect of the Guidelines. The Court later authorized Mr. Cardenas to raise an additional claim arising from the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019).

  Rather than address the substance of Mr. Cardenas' first claim, the Government notes that this Court previously addressed several allegations of ineffective assistance of counsel, including issues surrounding the plea negotiations. Consequently, the Government argues that Mr. Cardenas' claims are procedurally defaulted. The Court agrees. With the assistance of appointed counsel, Mr. Cardenas asked the Court to address claims of ineffective assistance prior to sentencing. The Court noted at the time,

> often issues pertaining to ineffective assistance of counsel are not ripe until post-sentencing. Though as currently alleged, the early filing of the allegations may be appropriate in this case, the Court would consider all claims at a later

ORDER DENYING § 2255 MOTION - 1

date if it were the Defendant's wish to retain his attorney privilege until after sentencing.

ECF No. 132. Mr. Cardenas opted to proceed with his claims, so the Court held an evidentiary hearing to address several allegations of ineffective assistance of counsel including one that Mr. Crowley allegedly failed to convey plea offers to Mr. Cardenas. The Court ultimately found that Mr. Crowley performed effective assistance of counsel during the plea negotiations.

Mr. Cardenas' current claim of ineffective assistance of counsel is procedurally barred as successive. "A claim is successive if it was raised in an earlier petition, or if it fails to raise a ground for relief that is new or different than a claim raised in an earlier petition and previously determined on the merits." *Campbell v. Blodgett*, 997 F.2d 512, 515–16 (9th Cir. 1992). "[A] different factual basis or argument asserted to support the same legal theory advanced previously does not constitute a new ground for relief . . . ." *Id*, at 516. Mr. Cardenas previously argued that Mr. Crowley was ineffective during plea negotiations. He now makes the same claim. Though Mr. Cardenas shifted the alleged facts based on this Court's previous ruling, the kernel of the claim remains the same. Mr. Cardenas is not entitled multiple bites at the apple for the same claim. Therefore, his claim alleging ineffective assistance of counsel during plea negotiations is procedurally barred.

Next Mr. Cardenas claims that *Rehaif v. United States* invalidates his conviction because the Government failed to prove that he knew he was not permitted to possess a firearm. In *Rehaif* the Supreme Court found that the Government must prove that the Defendant knew that he was a prohibited person. 139 S. Ct. 2191, 2196 (2019). The Government raises meritorious arguments regarding Mr. Cardenas' failure to preserve this issue on appeal, but even applying the *Rehaif* rule to Mr. Cardenas' case, the Government had ample circumstantial evidence to show that Mr. Cardenas was aware he had previously been convicted of a felony. Mr. Cardenas has a lengthy criminal history, including convictions such as Felony Riot and First Degree Burglary, both of which are felonies. Further, he previously pled to a state charge of unlawful possession of a firearm which is

not only a felony itself and but also required him to acknowledge that he was previously convicted of a felony.

As detailed above, Mr. Cardenas is not entitled to relief pursuant to § 2255. As such, his Motion is denied.

## CERTIFICATE OF APPEALABILITY

An appeal of this Order may not be taken unless this Court or a circuit justice issues a certificate of appealability finding that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2013). This requires a showing that "reasonable jurists would find the district Court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the Court's preceding analysis, the Court concludes that jurists of reason would not differ with the Court's conclusion. Thus, a certificate of appealability should not issue.

The Court has reviewed the file and Movant's Motion and is fully informed. Accordingly,

**IT IS ORDERED** that Movant's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255, filed August 12, 2019, **ECF No. 188**, is **DENIED**.

The District Court Executive is directed to:

- File this Order,
- Provide copies to counsel and *pro se* Movant
- Inform the Ninth Circuit Court of Appeals that if the Movant files a Notice of Appeal that a certificate of appealability is **DENIED**; **AND**
- **CLOSE** the corresponding civil file, 2:19-CV-0278-WFN.

**DATED** this 3rd day of April, 2020.

03-26-20

WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

ORDER DENYING § 2255 MOTION - 3